John Spencer Stewart, ASBA #0010060
jstewart@lawssl.com
STEWART SOKOL & LARKIN LLC
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
Telephone: (503) 221-0699
Facsimile: (503) 223-5706

*Attorneys for Plaintiff Kiewit Infrastructure West Co.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KIEWIT INFRASTRUCTURE WEST CO., a Delaware corporation,<br><br>               Plaintiff,<br><br>   v.<br><br>HANSON ALASKA PROFESSIONAL SERVICES, INC., an Alaska corporation,<br><br>               Defendant. | Case No. 3:16-cv-00129-RRB |

<u>COMPLAINT</u>

Plaintiff KIEWIT INFRASTRUCTURE WEST CO. ("KIWC"), by and through its

attorneys Stewart Sokol & Larkin, LLC, and for its complaint against Defendant

HANSON ALASKA PROFESSIONAL SERVICE,S INC., ("Hanson"), alleges as follows:

## I. **PARTIES**

1.1    KIWC is a Delaware corporation whose principal place of business is in the

State of Nebraska.

1.2    Hanson is an Alaska corporation whose principal place of business is in the

State of Alaska.

COMPLAINT- 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706

## II. JURISDICTION AND VENUE

2.1     This Court has personal jurisdiction with regard to Hanson because Hanson is an Alaska corporation with its principal place of business in Alaska and this action arises out of a contract entered into and performed in the State of Alaska.

2.2     This Court has jurisdiction regarding the subject matter of this action, pursuant to 28 U.S.C. § 1332, as there is complete diversity and the amount in controversy requirement is met.

2.3     Venue is proper in this District, pursuant to 28 U.S.C. §1391, because the acts or omissions which give rise to KIWC's claims took place in this District, and the construction project that is the subject of this action is located in this District.

2.4     Pursuant to the Local Rules of the Court, since the action arose in the Eagle River, Alaska area and in the vicinity of Anchorage, venue is proper in Anchorage.

## III. FACTS

3.1     **The Project**.  This lawsuit arises out of a public works construction project located in Eagle River, Alaska, known as the Glenn Highway Capacity Improvements Project ("the Project").  The Owner was the Alaska Department of Transportation and Public Facilities ("ADOT").  Following a two-step Request for Qualifications ("RFQ") and Request for Proposals ("RFP") selection process, ADOT awarded the design build prime contract ("Prime Contract") for the Project to KIWC.

3.2     **The Hanson Subcontract for Design**.  In advance of KIWC's submission of a Response to the RFP, and on or about August 15, 2013, KIWC entered into a Memorandum of Understanding ("MOU") with Hanson, which contemplated that Hanson would act as an exclusive partner with KIWC for the Project if the Project was awarded to the KIWC-led team.  Ultimately, after KIWC was awarded the Prime Prime

COMPLAINT- 2

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706

Contract, KIWC and Hanson entered into a Subcontract for Design ("Subcontract") on or about April 25, 2014. A copy of the Subcontract is attached hereto and incorporated herein as **Exhibit 1**.

3.3 **Hanson's Design Errors and Delays**. During the course of the Project, Hanson's performance of its design work failed to meet agreed scheduling milestones and was habitually delayed, all of which substantially impeded and delayed KIWC's ability to maintain the Project schedule and caused KIWC to incur substantial extra costs.

3.4 Hanson's design work was also plagued by a number of design defects, deficiencies, errors and omissions, which contributed to the Hanson-caused delays to the Project, and also caused KIWC to incur substantial extra costs.

3.5 KIWC at all times diligently worked in good faith with Hanson and otherwise to keep the Project on schedule and to minimize the cost and time impacts of Hanson's negligent and delayed design work. However, despite KIWC's efforts, KIWC incurred delays and extra costs for which Hanson is responsible.

3.6 On or about March of 2016, KIWC compiled the then-outstanding claims and back-charges relating to Hanson's design work into Subcontract for Design Change Order No. 3, which included descriptions and associated costs for 15 items attributable to Hanson's errors, omissions and delays. A copy of Change Order No. 3 is attached hereto and incorporated herein as **Exhibit 2**.

3.7 The parties have engaged in multiple negotiations relative to claims and issues on the Project, including the items included in Change Order No. 3. However, Hanson has failed and refused to execute that Change Order No. 3, and owes KIWC an amount of not less than $1,670,000.

COMPLAINT- 3

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706

## IV.  FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

4.1    The allegations in paragraphs 1.1 through 3.7 are incorporated herein by reference.

4.2    Under the Subcontract, Hanson was obligated to competently and completely perform its work in accordance with the Subcontract Documents and without deviations from the Basis of Design as described therein.  Hanson was also obligated to promptly, diligently and completely furnish its design documents and deliverables such as to allow KIWC to meet its scheduling milestones and to be able to construct the Project without design-related delays.

4.3    Contrary to and in breach of its express and implied obligations, representations, and warranties under the Subcontract, Hanson failed to timely or competently provide its design work in compliance with the requirements of the Subcontract and incorporated documents and standards.

4.4    As a direct, proximate and foreseeable result of Hanson's breaches, KIWC has suffered damages in an amount to be proven at trial, plus interest at the highest applicable statutory or Subcontract rate.  Pursuant to the terms of the Subcontract (Art. 22), KIWC is also entitled to recover its reasonable attorney fees.

4.5    KIWC has complied with its obligations under the Subcontract and all conditions and conditions precedent on its part have been satisfied or waived.

## V.  SECOND CLAIM FOR RELIEF: NEGLIGENCE

5.1    The allegations in paragraphs 1.1 through 4.5 are incorporated herein by reference.

5.2    In connection with its design services for the Project and as the Designer of record, Hanson owed KIWC a duty of care to perform its services in accordance with the

COMPLAINT- 4

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706

standard of care for design professionals practicing in the subject industry and to timely furnish design documents free from defects, errors and omissions.

5.3    In connection with its work for the Project, Hanson negligently breached its duties and the applicable standard of care by failing to timely furnish design documents and deliverables, by preparing design documents containing multiple material defects, errors and omissions, and by otherwise falling well below the applicable standard of care for design professionals performing the subject design services.

5.4    As a direct, proximate and foreseeable result of Hanson's negligence, KIWC incurred significant extra and unanticipated costs and damages, including, but not limited to, disruption and delay in completion of its work on the Project.  KIWC has been damaged as set forth herein, and is entitled to recover its damages as proven at the time of trial, plus accrued and accruing interest at the highest applicable rate, and its reasonable attorney fees.

## VI.  THIRD CLAIM FOR RELIEF: UNJUST ENRICHMENT

6.1    The allegations in paragraphs 1.1 through 5.4 are incorporated herein by reference.

6.2    In connection with the Project, Hanson has been paid amounts far in excess of the amounts to which it is equitably and reasonably entitled in light of its substantial failures on the Project and the extra costs it has caused KIWC to incur.

6.3    Hanson has wrongfully refused to pay the full, fair and reasonable value of the amounts it has been overpaid to KIWC's detriment, and to reimburse KIWC for the costs and damages it has incurred.  As a matter of equity, and an alternative claim for relief, Hanson should be required to disgorge the benefits it has wrongfully retained in order to avoid unjust enrichment.

COMPLAINT- 5

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706

## VII. FOURTH CLAIM FOR RELIEF: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

7.1    The allegations in paragraphs 1.1 through 6.3 are incorporated herein by reference.

7.2    By operation of law, the parties' Subcontract included an implied obligation of good faith and fair dealing, which required Hanson to act in a manner so as to effectuate (and to not impede) KIWC's enjoyment of its reasonable expectations and benefits under the Subcontract.

7.3    At all times, KIWC complied with its obligations of good faith and fair dealing in connection with the Subcontract and the Project.

7.4    Hanson has significantly and materially breached its implied obligation of good faith and fair dealing to KIWC's detriment, including (by not limited to) by failing to work in good faith with KIWC to resolve and mitigate the impacts of Hanson's delayed and defective design services, by failing and refusing to cooperate when issues or questions arose on the Project, and by refusing to negotiate and enter into reasonable change orders.

7.5    As a direct, proximate and foreseeable result of Hanson's breaches of its implied obligation of good faith, KIWC has suffered damages in an amount to be proven at trial, plus interest at the highest applicable statutory or Subcontract rate. Pursuant to the terms of the Subcontract (Art. 22), KIWC is also entitled to recover its reasonable attorney fees.

## VIII. JURY DEMAND

KIWC demands a jury on all issues so triable.

///

///

COMPLAINT- 6

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706

1206.013-01455390.1

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff KIWC prays for judgment as follows:

1.      For judgment against Hanson in an amount to be proven at trial, but which

is in the approximate amount of $1,670,000;

2.      For its interest, costs and reasonable attorney fees pursuant to statute,

contract, and/or equitable principles; and

3.      For such other relief as the Court deems just and equitable.


DATED this 21st day of June, 2016.

STEWART SOKOL & LARKIN LLC


By: *s/ John Spencer Stewart*
     John Spencer Stewart, ASBA #0010060
     jstewart@lawssl.com
     *Attorneys for Plaintiff Kiewit Infrastructure*
     *West Co.*

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706

COMPLAINT- 7